BOLIN, Judge.
Plaintiff owned a 1958 Chevrolet station wagon which was destroyed by fire on November 1, 1963. Alleging the vehicle was totally destroyed, plaintiff sued his insurer, South Texas Lloyds, for $995, plus interest, penalties, and attorneys’ fees. The insurer defended on the ground that Hope had intentionally burned the automobile. For written reasons the trial judge found for defendant and plaintiff appeals.
On the question which is before us for consideration the law is well settled that, in an action on a policy of fire insurance, incendiarism is an affirmative defense and the burden is upon the insurer to establish not only that the fire was of incendiary origin but also that the insured was the party responsible for the fire. The law is equally well settled that in such a suit it is only necessary for the insurer to establish its defense by a preponderance of the evidence. Defendant’s evidence may be entirely circumstantial but, if it is circumstantial, it should be so convincing that it will sustain no other reasonable hypothesis but that claimant was responsible for the fire. Sumrall v. Providence Washington Ins. Co., 221 La. 633, 60 So.2d 68 (1952); Pizzolato v. Liverpool & London & Globe Ins. Co., 207 La. 101, 20 So.2d 551 (1944).
With the above principles in mind we have examined the record in the instant case to ascertain if the trial judge was justified in finding the insurer had proved Hope was responsible for burning his station wagon. The basis for the lower court’s finding the fire was of incendiary origin was the testimony of an insurance adjuster and two deputy state fire marshals who investigated the fire. These witnesses testified there was evidence of the presence of inflammable liquids near the tires of the vehicle and that other physical evidence indicated the fire did not originate in the vicinity of the motor or in the places usually associated with an accidental fire. Plaintiff contends there was insufficient evidence to support the finding that the fire *839 was of incendiary origin. For other reasons, to be stated later herein, we feel defendant has not borne the burden of proving its special defense and, in order to proceed to a determination of the real issue, we shall assume the fire was incendiary.
We come now to the crux of this case, which is whether the insurer proved the claimant was responsible for the fire. On this issue the lower court, reasoning that since whatever was due under the terms of the insurance policy would apply toward the payment of an existing chattel mortgage on the car, concluded Hope alone would benefit from the fire. This finding satisfied the lower court that the plaintiff had a motive for destroying the property, and he stated his conclusion as follows:
“Therefore, the finding by the Court that the fire was of incendiary origin, plus the motive, comes within the exclusion set forth in the policy of insurance.”
The proper weight to be accorded a claimant’s motives in holding him responsible ' for an incendiary fire, which destroys his own insured property, is summed up in the Sumrall case:
“Considering that plaintiff was in dire financial circumstances and that he alone, according to the evidence, would benefit by the fire, there can be no doubt that defendant has established that he had a motive for destroying the property. And motive, plus the incendiary origin of the fire, would, in the absence of believable rebuttal evidence, be sufficient to sustain the affirmative defense pleaded by the insurer.”
The facts of the instant case are not at all analogous to those in the Sumrall case. Here there is no evidence that Hope was in “dire financial straits.” Additionally, it must be borne in mind the station wagon was insured for only its actual cash value. Plaintiff therefore does not stand to gain any more from this fire than he could have by selling his automobile on the market and applying the sale price toward the payment of his chattel mortgage. A conclusion that this plaintiff was the only person having a motive to burn his vehicle, for no other reason than that he was the one who would collect the insurance, would be based on mere suspicion. Such a holding would cast judicial suspicion upon every insured person whose property is destroyed by fire of incendiary nature and would dispense with the necessity of proving claimant’s responsibility therefor. There being no evidence connecting Hope with the burning of his automobile, we find defendant has failed to bear the burden of proving claimant was responsible for the fire.
By the insurance policy defendant contracted to pay plaintiff the actual cash value for any damage to the station wagon caused by fire. Since the car was practically a total loss, the proper award is its actual cash value at the time it was destroyed by fire. The evidence reflects plaintiff purchased the vehicle for a total consideration of $995 approximately three months before the fire. Plaintiff contends the station wagon was in as good condition as it was when bought and that a proper award would be $995. Defendant, on the other hand, offered testimony of used car dealers that the value of the car was from $300 to $500. We think the valuations made by defendant’s witnesses were based on the wholesale value of the car rather than on what it would bring at an unfettered sale on the open market. Taking all the evidence into consideration, we find the actual cash value of the 1958 station wagon at the time of the fire to be $800.
The final issue is that of defendant’s liability for penalties and attorneys’ fees imposed under LSA-R.S. 22:658, the pertinent portion thereof providing as follows:
“Failure to make such payment within sixty days after receipt of such proofs *840 and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, * * (Emphasis supplied.)
For the limited purpose of determining this final issue we will assume, without deciding, that plaintiff furnished the necessary proof of loss and that defendant refused to make payment within the sixty-day period. Nevertheless, considering the findings and opinions of defendant’s adjuster and the two deputy state fire marshals, which information was transmitted to the insurance company, we think defendant’s refusal to pay was not arbitrary, capricious, or without probable cause.
For the reasons assigned, the judgment appealed from is reversed and set aside and judgment is rendered in favor of plaintiff, Delbert Hope, and against defendant, South Texas Lloyds, in the principal sum of $800, with legal interest thereon from judicial demand until paid, and all costs, including the cost of this appeal.
Reversed and rendered.